IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| William Symons, *et al.*, ) | Civil Action No. 9:14-4147-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| The Callawassie Island Members Club, Inc., ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Defendants' motion to seal Plaintiffs' proposed opposition to Defendants' renewed motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Plaintiff's motion for a ruling on the same issue. Defendants assert that two emails that Plaintiffs propose to attach to their response, and any quotations from those emails in Plaintiffs' memorandum, should be filed under seal because the emails are subject to a protective order issued in the underlying state court litigation, or are subject to work product protection.

This case has never advanced past a motion to dismiss stage. When it does, the Court would welcome reuse of discovery in the underlying litigation and would at the appropriate time issue protective orders governing discovery. The fact that such orders have not yet issued is not an opportunity for parties to recycle discovery from the underlying litigation while disregarding the state court protective orders that governed discovery in state court. However, this issue should not now be before the Court. The issue now arises because Defendants' filings in support of their motion to dismiss and Plaintiffs' proposed filings opposition are inappropriate for a Rule 12(b)(6) motion. A Rule 12(b)(6) motion does not seek to resolve factual disputes. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). "Consideration of a document attached to a

-2-

motion to dismiss ordinarily is permitted only when the document is integral to and explicitly relied on in the complaint, and when the plaintiffs do not challenge [the document's] authenticity." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015) (internal quotation marks omitted). Yet Defendants' memorandum supporting their motion to dismiss is approximately two-thirds factual allegations and one-third legal argument. Plaintiffs' proposed opposition is approximately three-quarters factual allegations and one-quarter legal argument, includes a section entitled, "Mistakes in the Motion's version of the 'facts,'" and has 27 attached exhibits. The motion to seal exhibits is, essentially, a discovery dispute. (*See, e.g.*, Dkt. No. 41 at 8 (asserting work product doctrine protection and protective order clawback provision for disputed exhibits to Plaintiffs' proposed opposition to Defendant's motion to dismiss).) The Court should not need to rule on work product claims to rule on a Rule 12(b)(6) motion.

The Court therefore strikes the memorandum of law and exhibits supporting Defendants' motion to dismiss. A memorandum in support may be refiled, and a memorandum in opposition may be filed, subject to the following two requirements.

*First*, no memorandum may cite, or have as an attachment, any document beyond the following categories:

- a) Judicial opinions and orders;
- b) Statutes, rules, and regulations promulgated by public authorities;
- c) Pleadings and legal briefs filed in this action or in related actions, except that answers to the complaint in this action may not be cited; and
- d) Documents integral to the complaint in this action, which are the following only: club membership plans, club application/purchase agreements for memberships, and club governing documents (*e.g.*, by-laws). This does not include board minutes.

-3-

*Second*, the Court will not accept a memorandum of law supporting or opposing a motion to dismiss that presents a factual statement more lengthy than its legal argument.

For the foregoing reasons, the Court **STRIKES** the memorandum and all other attachments to Defendants' renewed motion to dismiss (Dkt. No. 36). Defendants may refile a memorandum supporting their motion to dismiss (Dkt. No. 36) that accords with this Order by September 30, 2016. Plaintiffs may respond with a memorandum in opposition that accords with this Order by October 14, 2016. Plaintiffs' motion for a ruling (Dkt. No. 39) is **DENIED AS MOOT**. Defendant's motion to seal (Dkt. No. 41) is **DENIED AS MOOT**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 14, 2016
Charleston, South Carolina