IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| William Symons, *et al.*,  )<br>  )<br>          Plaintiffs,  )<br>  )<br>v.  )<br>  )<br>The Callawassie Island Members Club, Inc., )<br>*et al.*,  )<br>  )<br>          Defendants.  )<br>_____)  | Civil Action No. 9:14-4147-RMG<br><br>**ORDER** |

This matter is before the Court on Defendants motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court stays this action and dismisses the motion to dismiss without prejudice.

At various times from 1998 to 2011, Plaintiffs purchased property on Callawassie Island, a private island located between Beaufort and Hilton Head Island. (Dkt. No. 1 ¶¶ 1–8.) They also purchased a membership in the Callawassie Island Club ("CIC") or its successor the Callawassie Island Members Club ("CIMC"). The provisions governing membership in CIC were given in the Plan for Offering of Memberships in the Callawassie Island Club ("CIC Plan"). *The Callawassie Island Members Club, Inc. v. Dennis*, 790 S.E.2d 435, 436 (S.C. Ct. App. 2016), *reh'g denied* (Sept. 23, 2016). In 2001, CIC members purchased the club's assets and took over operation of the club a new name, the Callawassie Island Members Club ("CIMC"). *Id.* CIMC issued an amended plan for offering of membership ("CIMC Plan"), which has been amended many times. (Dkt. No. 43 at 5.)

The CIC and CIMC Plans, from 1994 to 2014, appear to contain a clause requiring members who resign from the CIMC to continue to pay dues until their membership is reissued. (*Id.* at 5–6; 43-1, 43-4.) The documents are ambiguous, however, about "whether the language

-1-

relating to unpaid dues refers to unpaid dues owed at the time of resignation or unpaid dues accruing before and after resignation." *Dennis*, 790 S.E.2d at 438.[1] CIMC sued many persons, including eight present Plaintiffs, in the Beaufort County Circuit Court for failure to pay dues and assessments. Those persons have denied liability and filed various counterclaims against CIMC. *See The Callawassie Island Members Club, Inc. v. Arthur H Applegate* (No. 2009-CP-07-05410); *The Callawassie Island Members Club, Inc. v. Ronnie D. and Jeanette Dennis* (No. 2011-CP-07-03322); *The Callawassie Island Members Club, Inc. v. Richard A. Mercier* (No. 2011-CP-07-03323); *The Callawassie Island Members Club, Inc. v. William R. and Patricia E. Hobson* (No. 2012-CP-07-02681); *The Callawassie Island Members Club, Inc. v. Michael J. and Grace I. Frey* (No. 2012-CP-07-03209); *The Callawassie Island Members Club, Inc. v. William E. and Laurie R. Gavigan* (No. 2012-CP-07-03210); *The Callawassie Island Members Club, Inc. v. Gavigan Homes, Inc.* (No. 2012-CP-07-03213); *The Callawassie Island Members Club, Inc. v. Sun Trust Mortgage, Inc.* (No. 2012-CP-07-03214); *The Callawassie Island Members Club, Inc. v. Mark K. and Sherry B. Quinn* (No. 2012-CP-07-03216); *The Callawassie Island Members Club, Inc. v. James H. and Bonita H. Short* (No. 2012-CP-07-03217); *The Callawassie Island Members Club, Inc. v. Gregory L. and Rebecca L. Martin* (No. 2012-CP-07-03218); *The Callawassie Island Members Club, Inc. v. Robert L. and Mary Kay Queen* (No. 2012-CP-07-03220); *The Callawassie Island Members Club, Inc. v. James E. Newcombe and Lolita Trifiletti Newcombe* (No. 2012-CP-07-03222); *The Callawassie Island Members Club, Inc. v. John S. and Cathy A. Heavener* (No. 2012-CP-07-03223); *The Callawassie Island Members Club, Inc. v. Joseph A. Cocola, Erin R. Cocola, Suntrust Bank and Zander, Tate and Pratt, LLC* (No. 2013-CP-07-0379); *The Callawassie*

---

[1] CIMC disputes the existence of any ambiguity, but the Court construes alleged facts in the light most favorable to the plaintiff when considering a motion to dismiss.

*Island Members Club, Inc. v. Robert A. Thompson and Linda Thompson* (No. 2014-CP-07-00007); *The Callawassie Island Members Club, Inc. v. Terry F. Miskolczi and Nancy J. Hepburn* (No. 2014-CP-07-00128); *The Callawassie Island Members Club, Inc. v. Homer L. and Katherine T. Knearl* (No. 2014-CP-07-00397); *The Callawassie Island Members Club, Inc. v. Nick and Denice Mitrousis* (No. 2014-CP-07-00398); *The Callawassie Island Members Club, Inc. v. William C. (Jr.) and Patricia Y. Symons* (2014-CP-07-00875) (the "Underlying Litigations").

Two of those sued persons are Ronnie and Jeannette Dennis, who are not parties to the present action. CIMC sued Mr. and Mrs. Dennis in August 2011 for breach of contract. *Dennis*, 790 S.E.2d at 436. On January 15, 2014, the circuit court granted summary judgment for CIMC. *Id.* at 437. The court found CIMC's governing documents were unambiguous and clearly required a resigned member to pay dues until his membership is reissued. *Id.* After a motion to reconsider, the circuit court again granted summary judgment in an amended order issued on June 10, 2014. *The Callawassie Island Members Club, Inc. v. Dennis*, No. 2011-CP-07-03322 (S.C.C.C.P. June 10, 2014). The *Dennis* defendants appealed.

On October 24, 2014, Plaintiffs—eight of whom are defendants in the Underlying Litigations—filed the present action. They allege, *inter alia*, breach of fiduciary duties, breach of contract, and negligent misrepresentation, and seek money damages, fees and expenses, and declaratory relief. (Dkt. No. 1.) On CIMC's motion, this action was stayed pending the outcome of the *Dennis* appeal. (Dkt. Nos. 1, 23.) The Court agreed with CIMC's position that the outcome of the *Dennis* appeal "will resolve the fundamental matters at issue here." (Dkt. No. 54 at 8–9.) On August 3, 2016, the South Carolina Court of Appeals reversed the circuit court's grant of summary judgment in *Dennis*, finding ambiguity in the governing documents and holding that S.C. Code § 33-31-620 protects resigning club members from liability for dues accruing after

resignation. *Dennis*, 790 S.E.2d at 439–40. The Court lifted the stay of this case that same day. Defendants have since answered the complaint, with CIMC asserting breach of contract counterclaims (Dkt. No. 34), and filed a motion to dismiss (Dkt. No. 36.) But, meanwhile, CIMC petitioned the Court of Appeals for rehearing, which was denied on September 23, 2016, and, on October 26, 2016, petitioned the South Carolina Supreme Court for a writ of certiorari. *The Callawassie Island Members Club, Inc. v. Dennis*, No. 2016-002187 (S.C.). Briefing on the certiorari petition completed on January 20, 2017. CIMC has moved to stay the Underlying Litigations pending the outcome of the *Dennis* appeal before the South Carolina Supreme Court. *See* Omnibus Motion for Stay Pending Resolution of *Dennis* Appeal, *The Callawassie Island Members Club v. Thompson*, 2014-CP-07-00007 *et seq.* (S.C.C.C.P. Sept. 26, 2016).

The Court previously stayed this case pending the *Dennis* appeal because it concluded the outcome of that appeal would answer the principal issues in this case. (Dkt. No. 23; *see* Dkt. No. 54.) That conclusion has not changed. Further, if this case were to proceed before the outcome of the *Dennis* appeal, the Court would be required to predict the decision of the South Carolina Supreme Court on questions presently pending before the South Carolina Supreme Court. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

The Court therefore **STAYS** this action pending resolution of South Carolina Supreme Court Case No. 2016-002187. Plaintiffs are **ORDERED** to notify the Court of an opinion or dispositive order in that case, within five days of its issuance, by filing notice to include a copy of the opinion or order. The pending motion to dismiss (Dkt. No. 36) is **DISMISSED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

January 27, 2017
Charleston, South Carolina